855 P.2d 52

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Tony Leland FUNK, Defendant–Respondent.**

**No. 19959**

Supreme Court of Idaho,
Boise, December 1992 Term.

June 16, 1993.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for appellant. Douglas A. Werth argued.

Swenson & Scoggin, Gooding, for respondent. Severt Swenson, Jr., argued.

JOHNSON, Justice.

This is a criminal case. The issue presented is whether a trial court that has retained jurisdiction pursuant to I.C. § 19–2601(4) and that has subsequently exercised this jurisdiction to suspend execution of the judgment has authority pursuant to I.C. § 19–2604(1) to allow the defendant to withdraw a guilty plea and dismiss the case. We conclude that I.C. § 19–2604(2), not I.C. § 19–2604(1), controls and that pursuant to I.C. § 19–2604(2) a trial court does not have authority to allow the defendant to withdraw a guilty plea and dismiss the case.

# I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Tony Leland Funk was charged with the felonies of delivery of cocaine and conspiracy to deliver cocaine. Funk pled guilty to delivery, and the state dismissed the conspiracy charge.

Judge Becker sentenced Funk to the custody of the board of correction, but retained jurisdiction for 120 days pursuant to I.C. § 19–2601(4). Funk was incarcerated at the North Idaho Correctional Institution (N.I.C.I.) at Cottonwood during the 120 days of retained jurisdiction.

Following review of the report concerning Funk's performance at N.I.C.I., Judge Becker suspended the execution of the judgment imposing Funk's sentence and placed Funk on supervised probation for two years. In the hearing concerning Funk's release, Judge Becker also stated that upon successful completion of probation, Funk would be allowed to withdraw his guilty plea and enter a not guilty plea and that the trial court would then ask the state to dismiss the charge. The probation order included the following provision: "That at such time the defendant has successfully completed probation, he may return to court and withdraw his plea of guilty and enter a plea of not guilty."

Funk successfully completed probation and filed a motion to withdraw his guilty plea and to have the case dismissed. At the hearing on Funk's motion, Judge Cushman presided in the absence of Judge Becker. The state objected to Funk's motion and argued that pursuant to I.C. § 19–2604(2) the trial court could reduce the sentence to the 120 days Funk had served and deem the conviction a misdemeanor, but that the trial court did not have the authority to dismiss the charge. Judge Cushman stated that the state should have objected at the time Judge Becker issued the probation order. Judge Cushman then ordered Funk's guilty plea withdrawn and dismissed the case. The state appealed.

## II.

### THE STATE WAS NOT REQUIRED TO APPEAL THE PROBATION ORDER IN ORDER TO PRESERVE THE RIGHT TO APPEAL THE ORDER TO DISMISS.

■ Funk asserts that the state should not be allowed to appeal the order to dismiss, because the state failed to preserve the issue for appeal by appealing the probation order. We disagree.

The order to dismiss was an order terminating a criminal action, which is an appealable order pursuant to I.A.R. 11(c)(4). While the state might have objected to the condition in the probation order, the state's failure to object to this condition does not remove its right to appeal the order of dismissal. The state did object to the order of dismissal, which is sufficient to preserve the issue for appeal.

## III.

### I.C. § 19–2604(2) DOES NOT GRANT AUTHORITY TO A TRIAL COURT TO DISMISS A CASE AFTER COMPLETION OF PROBATION GRANTED PURSUANT TO I.C. § 19–2601(4) DURING RETAINED JURISDICTION.

The state asserts that the trial court exceeded its authority under I.C. § 19–2604(2) in issuing the order to dismiss the charge. We agree.

I.C. § 19–2604(2), which controls in this case, provides:

> **19–2604. Discharge of defendant— Amendment of judgment.**
>
> . . . .
>
> 2. If sentence has been imposed but suspended during the first one hundred and eighty (180) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in subsection 4 of section 19–2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

■ Pursuant to this statute, the trial court had authority to amend the judgment to reflect confinement in a penal facility for the time Funk served and to deem the conviction a misdemeanor. The trial court did not have the authority to dismiss the case.

Funk argues that even if the trial court did not have authority to dismiss the case, this Court should not overturn the order to dismiss, because Funk signed an agreement with the trial court to perform the terms of probation in consideration of the trial court's promises. Funk contends he performed his part of the agreement and was entitled to have the trial court perform its part. Funk proposes that if we conclude that the trial court did not have authority to dismiss the case, the rule should be applied only to future cases and not to this case.

Except in matters where the court has inherent power, as this Court ruled in *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), the sentencing court has only the authority granted by the legislature. When the trial court opted to place Funk on probation by exercising its retained jurisdiction, I.C. § 19–2604(2) limited the authority of the trial court in disposing of the case following satisfactory completion of probation.

## IV.

### CONCLUSION.

We reverse the order of dismissal and remand the case with directions to the trial court to enter an order pursuant to I.C. § 19–2604(2).

McDEVITT, C.J., BISTLINE and TROUT, JJ., and BAKES, Judge, Pro Tem. (following retirement on February 1, 1993), concurs.