919 P.2d 319

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Danny Dee BRANSON, Defendant–Respondent.**

No. 21850.

Supreme Court of Idaho,
Boise, February 1996 Term.

June 7, 1996.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for appellant.

Danny Dee Branson, Caldwell, pro se respondent.

TROUT, Justice.

This case presents the issue of whether the legislature's enactment of a statute prohibiting withheld judgments in certain cases im-

properly encroaches upon the powers of the judiciary in violation of the Idaho Constitution.

## I.

## BACKGROUND

A female undercover police officer approached Danny Branson at the invitation of one of Branson's friends and told him that she wanted to "party." Branson sought a source through which to purchase some cocaine for that purpose and, after he was successful, sold some to the undercover officer. Branson was arrested the following evening and eventually pled guilty to a single count of delivery of a controlled substance in violation of I.C. § 37-2732(a)(1)(A).

At Branson's sentencing, the State argued that a withheld judgment was not appropriate in this particular case in light of Branson's prior convictions for DUI and burglary. The district court nonetheless withheld judgment and placed Branson on probation for three years.

In response, the State filed an I.C.R. 35 motion challenging the legality of the district court's action. The State argued that I.C. § 37-2738 forbids the granting of a withheld judgment for certain drug offenses, including delivery of cocaine, where the defendant has previously been convicted of a felony or of any violation of chapter 80, title 18 of the Idaho Code which relates to various alcohol or drug offenses in association with a motor vehicle. The district court denied the State's I.C.R. 35 motion conceding, in so doing, that the withheld judgment in this case was not in compliance with I.C. § 37-2738. The court ruled, however, that I.C. § 37-2738 improperly infringes upon the power of the judiciary in violation of the Idaho Constitution and is therefore not entitled to enforcement. From this decision, the State appeals.

## II.

## STANDARD OF REVIEW

■ In this case we are asked to determine whether I.C. § 37-2738 impermissibly violates the doctrine of separation of powers provided by the Idaho Constitution. Since the constitutionality of a statute is at issue here as well as a determination of whether the withheld sentence imposed by the district court was illegal, this Court exercises free review. *State v. Casey,* 125 Idaho 856, 857 n. 2, 876 P.2d 138, 139 n. 2 (1994) (citing *State v. Bitt,* 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990)); *State v. Wood,* 125 Idaho 911, 913, 876 P.2d 1352, 1354 (1993).

## III.

## CONSTITUTIONALITY OF I.C. § 37-2738

■ We have previously recognized that a trial court's power to withhold judgment in any given case is not unlimited and may properly be constrained within the confines of the enabling statute. *In re Grove,* 43 Idaho 775, 778–79, 254 P. 519, 520 (1927). We specifically noted in *Grove* that a court's order to withhold judgment must either comply with the provisions of the statute conferring such authority upon the court or be found void. *Id.* "[T]he power to indefinitely withhold the pronouncement of judgment is nothing more nor less than the power to perpetually prevent punishment, which the courts do not possess." *Id.* Our state constitution provides us with no discernible basis for reversing that position.

The Idaho Constitution provides:

§ 1. **Departments of government.**—The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

Idaho Const. art. 2, § 1. The judicial powers of the government are specifically vested in the Supreme Court, district courts, and "such other courts inferior to the Supreme Court as established by the legislature." Idaho Const. art. 5, § 2. With respect to the power of the legislature over the courts, the constitution provides:

§ 13. **Power of legislature respecting courts.**—The legislature shall have no

power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.

Idaho Const. art. 5, § 13.

We have previously held that the powers reserved to the several departments of the government, but not specifically enumerated in the constitution, must be defined in the context of the common law. *State v. McCoy*, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971). Since, at common law, the authority possessed by the courts to sentence necessarily included the power to suspend that sentence, then this power may not properly be abrogated by statute. It is an "inherent right" of the judiciary and one which the separation of powers doctrine places beyond legislative mandate. *Id.*

The question in *McCoy*, however, was the constitutionality of a statute which provided courts with no discretion in suspending an imposed sentence for the violation of a particular criminal statute. As Justice Spear correctly noted, "the authority possessed by the courts to sentence necessarily includes the power to suspend the whole or any part of that sentence in proper cases." *Id.* The question here is whether a district court's imposition of a withheld judgment is similarly an "inherent right" of the judiciary which, like the ability to suspend a sentence, may not be limited or modified by the legislature. The State argues that although "probation" pursuant to a suspended sentence may be viewed as being within the inherent powers of the courts, a withheld judgment is strictly a legislative creation and therefore cannot fall within the court's inherent authority.

Some courts have held that, like the power to suspend a sentence, the judiciary similarly has the inherent power to suspend judgment for a determinate period of time. *See, e.g., State v. Miller*, 225 N.C. 213, 34 S.E.2d 143, 145 (1945). "The practice of suspending judgments in criminal prosecutions ... has so long prevailed in our courts of general jurisdiction that it may now be considered established both by custom and judicial decision...." *Myers v. Barnhardt*, 202 N.C. 49, 161 S.E. 715, 716 (1932). To these courts, a statute conferring such authority to the judiciary "does not enlarge the power of our Courts ... [since] Courts in this jurisdiction have exercised these powers through the years as a part of their inherent common law rights." *State v. Pelley*, 221 N.C. 487, 20 S.E.2d 850, 856 (1942) (citations omitted).

A careful comparison of the fundamental differences between the imposition of a suspended sentence and a withheld judgment appears to favor the opposite conclusion, however. In Idaho, when a criminal defendant is found guilty of the crime charged the district court may, among other things, suspend the execution of judgment under I.C. § 19–2601(2) or withhold judgment pursuant to I.C. § 19–2601(3). *State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980). In either case, the defendant is placed on probation to the board of correction. *Id.* Beyond that similarity, however, the different effect of these sentencing alternatives on the defendant can be substantial. If the court grants a withheld judgment to a particular defendant and places that defendant on probation, jurisdiction is retained by the district court during the period of probation and the court has continuing jurisdiction to modify the conditions of the defendant's probation. *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991) (citations omitted). If those conditions are violated, the district court may revoke the defendant's probation and thereafter "impose *any* sentence which originally might have been imposed at the time of conviction." *Id.* (emphasis in original) (citing *Pedraza*, 101 Idaho at 442, 614 P.2d at 982 interpreting I.C. §§ 19–2603; 20–222). If a defendant's probation is revoked following a court's suspension of exe-

cution of the sentence, however, the district court may only *"cause the sentence imposed to be executed."* *Pedraza,* 101 Idaho at 442, 614 P.2d at 982 (emphasis in original) (quoting I.C. § 20–222).

In *Peltier,* the defendant was placed on probation for five years on certain terms and conditions. The defendant thereafter violated the terms of his probation upon which the district court imposed an indeterminate sentence not to exceed twenty years. The defendant argued that the original sentence imposed by the district court was a suspended sentence and that violation of the terms and conditions of probation could result in a maximum sentence of only five years. This Court held that the district court's sentence was, in fact, a withheld judgment and that, upon violation of the terms and conditions of his probation, "he could be brought before the district court and have a sentence of up to life imprisonment imposed." 119 Idaho at 461, 808 P.2d at 380.

■ The differential impact of a suspended sentence and a withheld judgment on a given defendant's potential prison term is only one consideration, however. More important in determining the boundaries of the court's inherent authority under the Idaho Constitution are the substantial procedural differences between these two options. When judgment is withheld under I.C. § 19–2601 there is no sentence actually imposed on the defendant and, more importantly, no judgment of conviction is entered. *See Peltier,* 119 Idaho at 460, 808 P.2d at 379 ("The difference between suspending the imposition of sentence and withholding judgment is that under the former the defendant's judgment of conviction is entered, whereas in the latter case it is withheld."). The power to withhold a judgment of conviction is provided to the court in order to spare the defendant, particularly a first time offender, "the burden of a criminal record." *State v. Wagenius,* 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). *See also Ex parte Medley,* 73 Idaho 474, 479, 253 P.2d 794, 797 (1953) (withholding judgment after a plea of guilty "protects the defendant at that time against the stigma of a conviction which may be forever avoided" if the defendant complies with the terms of the probation). Thus although "courts are given discretion in sentencing" which implicitly includes the inherent authority to suspend an imposed sentence, *McCoy,* 94 Idaho at 240, 486 P.2d at 251, the power to withhold judgment under I.C. § 19–2601 involves matters clearly outside of and antecedent to the court's inherent sentencing discretion.

■ In *State v. Funk,* 123 Idaho 967, 855 P.2d 52 (1993), this Court examined a related question of whether a district court could impose sentence and suspend it placing the defendant on probation, and then permit the defendant at the conclusion of probation to withdraw his guilty plea, enter a not guilty plea and have the charge dismissed (in effect granting a withheld judgment after the fact). The Court analyzed I.C. § 19–2604(2), which authorizes the trial court to amend the judgment to reflect confinement in a penal facility and then deem the conviction a misdemeanor. In concluding that the trial court had only limited statutory authority to reduce the case and no authority to dismiss it, this Court stated: "[e]xcept in matters where the court has inherent power, as this Court ruled in *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971), the sentencing court has only the authority granted by the legislature." *Funk,* 123 Idaho at 969, 855 P.2d at 54. We find no distinction presented by Branson's case and hold that the judiciary's power to withhold judgment is only available through a grant by the legislature.

■ Since the judiciary does not have the "inherent power" to withhold judgments, then any such power conferred on the courts by the legislature may also be abrogated by statute. Consequently, the district court's order imposing an illegal sentence in this case must be corrected on the State's motion. *State v. Wood,* 125 Idaho 911, 912–13, 876 P.2d 1352, 1353–54 (1993).

### IV.

### CONCLUSION

The order withholding judgment is hereby vacated and the case remanded to the district court for resentencing under the limitations imposed by I.C. § 37–2738.

794

McDEVITT, C.J., and JOHNSON and SILAK, JJ., concur.

SCHROEDER, J., concurs specially.

SCHROEDER, Justice, specially concurring.

I concur with the Court's conclusion that the withheld judgment is a creation of the legislature and that the legislature may limit use of the withheld judgment. The Court's discussion of the power to suspend sentences is unnecessary, and reliance upon *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971) may carry unwarranted implications in light of the amendment to Idaho Constitution art. V, sec. 13 in 1978 which permits the legislature to establish mandatory minimum sentences in response to the *McCoy* decision.