25 P.3d 124

STATE of Idaho, Plaintiff–Respondent,

v.

Patrick R. MURILLO, Defendant–Appellant.

No. 26501.

Court of Appeals of Idaho.

April 17, 2001.

Review Denied June 18, 2001.

Greg S. Silvey, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II., Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Patrick R. Murillo appeals from the district court's orders revoking probation and imposing a sentence to run consecutive to Murillo's unrelated federal sentence. We affirm.

## I.

### BACKGROUND

In May 1996, Murillo was found guilty by a jury of grand theft by possession of stolen property. The district court withheld judgment and placed Murillo on probation for six years. As a condition of his probation, Murillo was incarcerated until April 1997 in a county jail.

In August 1997, a report of violation was filed alleging that Murillo had violated his probation by being in possession of stolen property and a sawed-off shotgun. Police reports attached to the report of violation indicated that numerous items of stolen property were discovered in Murillo's home and that Murillo had been arrested on two counts of grand theft by possession of stolen property. Murillo denied the allegations. Before an evidentiary hearing was held, the state dismissed the report of violation "in the interests of justice."

In April 1999, a second report of violation was filed alleging that Murillo had violated his probation by violating federal laws, associating with an individual known or suspected of being involved in criminal activity, and possessing a firearm. Murillo denied the allegations and requested a postponement of his evidentiary hearing until the underlying federal charges were resolved.

In March 2000, Murillo was convicted in federal court of conspiracy to possess with intent to distribute methamphetamine, aiding and abetting possession with intent to distribute methamphetamine, and aiding and abetting the use of a firearm during the commission of a drug crime. On March 13, 2000, the federal court imposed an aggregate sentence of twenty years and ordered that upon release Murillo be placed under supervised release for a period of five years.

On March 23, 2000, the evidentiary hearing regarding Murillo's state probation violation was held. Following the hearing, the district court found that Murillo had violated his probation. The district court revoked Murillo's withheld judgment and probation and imposed a unified sentence of fourteen years, with a minimum period of confinement of eight years, and ordered that the sentence run consecutive to Murillo's federal sentence. Murillo appeals.

## II.

### ANALYSIS

■ We begin our analysis by noting that a probation revocation hearing is altogether different from an actual criminal trial. In a probation revocation proceeding, the Idaho Rules of Evidence do not apply. I.R.E. 101(e)(3); *State v. Peters*, 119 Idaho 382, 382, 807 P.2d 61, 61 (1991); *State v. Egersdorf*, 126 Idaho 684, 685, 889 P.2d 118, 119 (Ct.App.1995). Further, a violation need not be proven beyond a reasonable doubt. *State v. Roy*, 113 Idaho 388, 390, 744 P.2d 116, 118 (Ct.App.1987). In a probation revocation proceeding, the court must engage in the following analysis:

First, was a condition of probation actually violated? Ordinarily, this is a question of fact. Second, does the violation justify revoking the probation? This is a question addressed to the judge's sound discretion. Third, and finally, if probation is revoked, what prison sentence should be ordered? ... This question, too, is one of discretion.

*State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct.App.1989).

On appeal, Murillo does not challenge the district court's finding that he violated his probation, nor does he challenge the district court's revocation of his probation. Consequently, our focus is on the third step of the inquiry. We must determine whether the district court abused its discretion in sentencing Murillo to a unified term of fourteen years, with six years fixed, to run consecutive to his federal sentence. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982).

■ First, Murillo argues that the district court violated I.C. § 18–308 in ordering that his Idaho sentence run consecutive to his federal sentence. Idaho Code Section 18–308 provides:

When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

Murillo contends that he was convicted in Idaho in May 1996 when the jury found him guilty of grand theft and the district court withheld judgment and imposed probation. Murillo also contends that he was convicted in federal court in March 2000 when sentenced to twenty years. Murillo asserts, thereby, that his federal conviction was the second conviction for purposes of I.C. § 18–308 and that the Idaho district court lacked authority to order that his Idaho sentence would commence at the termination of the federal sentence.

The Idaho Supreme Court addressed a similar argument in *State v. Lawrence*, 98

Idaho 399, 565 P.2d 989 (1977).[1] In that case, the defendant pled guilty to forgery and sentencing was postponed. Before sentencing occurred, the defendant pled guilty in a subsequent case to rape and was sentenced to a term not to exceed twelve years. While serving his sentence for rape, the defendant was sentenced for forgery to a five-year term to run consecutive to his rape sentence. The defendant appealed, asserting a similar issue to the issue raised by Murillo in the instant case. The Court reviewed the legislative history underlying I.C. § 18–308 and concluded that the legislature had intended by its amendment in 1972 to "reinstate the common law rule which had been modified by the prior statute." *Id.* at 401, 565 P.2d at 991; *see also State v. Thomas,* 98 Idaho 623, 625, 570 P.2d 860, 862 (1977). The Court held that I.C. § 18–308 "does not limit the authority of the district courts to impose consecutive sentences" and affirmed the consecutive sentence imposed by the district court in the forgery case. *Lawrence,* 98 Idaho at 401, 565 P.2d at 991.

Idaho Code Section 18–308 has not been amended since 1972, and *Lawrence* has not been overruled by the Idaho Supreme Court. Furthermore, we reject Murillo's assertion that the facts in *Lawrence* are sufficiently distinguishable from the facts in the instant case, such that we should disregard the Idaho Supreme Court's holding in that case regarding the effect of I.C. § 18–308. Thus, the precedent set forth by the Idaho Supreme Court in *Lawrence* governs our analysis in the instant case. Because I.C. § 18–308 does not limit the authority of the district court to impose consecutive sentences, we reject Murillo's argument that I.C. § 18–308 prevented the district court from ordering that his Idaho sentence would run consecutive to his federal sentence.

▮ In addition, we note that the district court in the instant case initially withheld judgment pursuant to I.C. § 19–2601(3) and placed Murillo on probation. When judgment is withheld under I.C. § 19–2601(3), no sentence is actually imposed on the defendant and no judgment of conviction is entered. *State v. Branson,* 128 Idaho 790,

793, 919 P.2d 319, 322 (1996). When a defendant is given a withheld judgment and placed on probation, the district court has continuing jurisdiction to modify all aspects of the disposition. *See Branson,* 128 Idaho at 792, 919 P.2d at 321; *Peltier v. State,* 119 Idaho 454, 460, 808 P.2d 373, 379 (1991). The purpose of a withheld judgment is to allow a defendant an opportunity to rehabilitate and to spare the defendant, particularly a first-time offender, the burden of a criminal record. *See Branson,* 128 Idaho at 793, 919 P.2d at 322; *Peltier,* 119 Idaho at 460, 808 P.2d at 380. If the conditions of probation are violated, the district court may revoke the defendant's probation and thereafter impose *any sentence* which originally might have been imposed. I.C. § 19–2603; *Branson,* 128 Idaho at 792, 919 P.2d at 321; *Peltier,* 119 Idaho at 460, 808 P.2d at 379. In the instant case, Murillo's probation was revoked following the grant of a withheld judgment. The district court therefore had the authority to impose any sentence which might have been imposed at the time of Murillo's original sentencing for grand theft by possession of stolen property. Circumstances arising after the grant of the withheld judgment, such as Murillo's federal conviction and sentence, are also then properly considered by the district court in imposing the sentence. Consequently, the district court had the authority to order that Murillo's Idaho sentence would run consecutive to his federal sentence.

▮ Second, Murillo argues that his sentence is excessive in light of its consecutive nature. An Idaho court has inherent authority to impose consecutive sentences, which includes the authority to impose a sentence consecutive to another sentence imposed by the court of a foreign jurisdiction. *State v. McKaughen,* 108 Idaho 471, 472, 700 P.2d 93, 94 (Ct.App.1985). Whether the sentence for one crime should be consecutive to the sentence for another is a decision within the sound discretion of the trial court. *State v. Helms,* 130 Idaho 32, 35, 936 P.2d 230, 233 (Ct.App.1997); *State v. Elliott,* 121 Idaho 48, 52, 822 P.2d 567, 571 (Ct.App.1991). The

1. *See also State v. Elliott,* 121 Idaho 48, 52, 822     P.2d 567, 571 (Ct.App.1991).

standard of review established in *Toohill* is applicable to this issue as well. *Helms,* 130 Idaho at 35, 936 P.2d at 233.

A trial judge may consider a myriad of factors in imposing a sentence. I.C.R. 32; *State v. Heffern,* 130 Idaho 946, 949, 950 P.2d 1285, 1288 (Ct.App.1997). This broad spectrum includes a defendant's past criminal history and, with due caution, the existence of a defendant's alleged criminal activity for which no charges have been filed or where charges have been dismissed. *Heffern,* 130 Idaho at 949, 950 P.2d at 1288. The availability of this broad array of information enables the sentencing court to impose punishment that fits both the crime and the individual defendant. *Id.,* at 950, 950 P.2d at 1289.

The record in the instant case reveals that Murillo has been convicted of numerous misdemeanors, including criminal assault, three counts of failing to appear, obstructing and delaying an officer, and driving without privileges. Prior to the instant offense, Murillo had been charged with a previous grand theft by possession of stolen property, first degree arson, four counts of insufficient funds checks, possession of cocaine, possession of paraphernalia, assault, disorderly conduct, driving with a suspended license, three counts of disturbing the peace, obstructing and delaying an officer, two counts of failing to appear, driving without privileges, and illegal use of a firearm. Two counts of insufficient funds checks were still pending when Murillo was found guilty of grand theft in the instant case.

While Murillo was on probation for the instant offense, police officers found stolen property in his home and arrested him for grand theft by possession of stolen property—the same crime for which he was on probation. Moreover, Murillo was convicted of a number of drug related crimes in federal court and sentenced to twenty years. Murillo had also lied to his probation officer about his work release and had refused to answer the door when his probation officer visited.

In its written order denying Murillo's challenge to the consecutive nature of his sentence, the district court thoroughly explained its reasoning. The district court noted that originally Murillo had been afforded the benefit of a withheld judgment. However, while on probation, Murillo had become involved in even more serious crimes. Also, the district court reasoned that a concurrent sentence would not satisfy the penalty Murillo ought to receive for his crime. Further, the district court determined that Murillo and others would not be deterred if the sentence were to run concurrent. Finally, the district court focused primarily on the protection of society despite Murillo's assertion that there was no benefit to society in having him serve more time than the twenty years ordered by the federal court. As we have stated on numerous occasions, "the primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end." *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a unified sentence of fourteen years, with a minimum period of confinement of eight years, and ordering that the sentence run consecutive to Murillo's federal sentence.

## III.

## CONCLUSION

Based upon the foregoing, the district court's orders revoking Murillo's probation and imposing a sentence to run consecutive to Murillo's federal sentence are affirmed.

Chief Judge SCHWARTZMAN and Judge LANSING, concur.