79 P.3d 1070

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harold Michael HANES, Defendant–Appellant.**

No. 29082.

Court of Appeals of Idaho.

Nov. 5, 2003.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Harold Michael Hanes appeals from the district court's order denying his motion to set aside his guilty plea and dismiss the case. Hanes argues that the district court erred in holding that his noncompliance with the terms and conditions of his probation necessitates denial of relief under I.C. § 19–2604(1), regardless of whether his noncompliance was willful. We affirm.

## I.

### FACTS AND PROCEDURE

In 1997, Hanes pled guilty to grand theft and the district court withheld judgment. Hanes was placed on probation for three years. As a condition of his probation, Hanes was ordered to pay restitution, court costs, and a monthly charge for probation supervision in a manner prescribed by his probation officer.

In 1998, Hanes's probation officer filed a report of violation stating that Hanes failed to make timely payments for his restitution and costs of probation supervision. The state filed a motion for an order to show cause why Hanes's probation should not be revoked. The district court issued the order. Prior to the hearing on the order to show cause, Hanes paid his arrearage. The state moved to withdraw the probation violation report and the order to show cause, which the district court granted.

In September 2000, Hanes again fell into arrears on his payments and his probation officer filed a report of violation. The state moved for an order to show cause, which the district court issued. Prior to the hearing, Hanes paid the balance owing toward his restitution and costs of supervision. Again, the state moved to withdraw the probation

violation report and the order to show cause, which the district court granted.

In October 2000, the district court discharged Hanes from probation. Hanes moved to set aside his guilty plea and have the case dismissed pursuant to I.C. § 19-2604(1). The district court granted the motion, holding that because there were no adjudicated violations, Hanes complied with the terms and conditions of his probation. The state appealed.

On appeal, this Court reversed the district court's order setting aside Hanes guilty plea and dismissing the case. *See State v. Hanes,* 137 Idaho 40, 44 P.3d 295 (Ct.App.2002). Acknowledging a requirement of strict compliance at all times during probation, even without an adjudicated violation in the record, this Court remanded the case back to the district court to hear the evidence and make factual findings as to whether Hanes had at all times complied with the terms and conditions of his probation.

On remand, the district court found that Hanes had not always complied with his probationary terms. The district court also considered briefing from both parties on the issue of whether Hanes' failure to comply with the terms of his probation had to be willful in order for the court to deny him relief under I.C. § 19-2604(1). The district court ruled that Hanes's failure to comply with the terms of his probation did not have to be willful and, therefore, Hanes had not shown that he was entitled to relief under the statute. The district court denied Hanes's motion to set aside his guilty plea and dismiss the case. Hanes again appeals, arguing that the district court erred in holding that under I.C. § 19-2604(1), noncompliance with the terms and conditions of probation does not have to be willful.

## II.

## ANALYSIS

This Court exercises free review over the application and construction of statutes. *State v. Schumacher,* 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is "incumbent upon a court to give a statute an interpretation which will not render it a nullity." *State v. Nelson,* 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

Hanes asserts that the district court erred in denying his motion to set aside his guilty plea and dismiss his case under I.C. § 19-2604(1). Hanes argues that to refuse to grant his requested relief under the statute, the district court must find that Hanes willfully violated the terms and conditions of his probation. The state argues that the plain language of I.C. § 19-2604(1) requires the defendant to comply with the terms and conditions of his or her probation and that any noncompliance need not to be shown to have been willful.

Idaho Code Section 19-2604(1) states, in pertinent part:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or

set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter.

The statute does not contain the word "willfully," nor does it imply or reference a willful violation of terms and conditions of probation. By its plain language, I.C. § 19–2604(1) does not require that a defendant willfully violate his or her probation in order to be denied relief. Had the legislature intended to require that a defendant's violation be willful, it could easily and clearly have done so. By not doing so, we presume the legislature intended that in order for a defendant to be granted relief under I.C. § 19–2604(1), he or she must comply with the terms and conditions of his or her probation at all times and that noncompliance with the terms and conditions of probation for whatever reason precludes relief. Therefore, the plain language of the statute permits a district court to deny relief if the defendant violates the terms and conditions of his or her probation, regardless of whether the violation was willful.

Hanes relies on *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to support his argument that a defendant must willfully violate the terms and conditions of his or her probation to be denied relief under I.C. § 19–2604(1). In *Bearden,* the United States Supreme Court held that a sentencing court cannot properly revoke a defendant's probation for failure to pay a fine and make restitution, absent evidence and findings that he was somehow responsible for the failure or that alternative forms of punishment were inadequate to meet the state's interest in punishment and deterrence. The Supreme Court determined that, if a defendant's probation is revoked based on the defendant's inability to pay, the court automatically turns a fine into a prison sentence and this violates the Equal Protection Clause. In reaching this decision, the Supreme Court inquired into the nature of the individual's interest affected, the extent to which it is affected, the rationality of the

connection between the legislative means and purpose, and the existence of alternative means for effectuating the purpose. *See Bearden,* 461 U.S. at 666–67, 103 S.Ct. 2064. The *Bearden* Court considered the state's interest in punishment and deterrence, the state's interest in rehabilitation and protection of society, and the significant interest of the individual to remain on probation. After considering these interests, the *Bearden* Court concluded that given the significant interest of the probationer in remaining on probation rather than being imprisoned, a probationer who violates his probation cannot be imprisoned based only upon being indigent.

Hanes argues that his case is analogous to *Bearden* because he also has a liberty interest at stake—the interest of future gainful employment. However, Hanes acknowledges that the blemish of a felony conviction on one's opportunity to obtain gainful employment has been rejected by several courts as a justification for expungement of a criminal record. *See, e.g., United States v. Wiley,* 89 F.Supp.2d 909, 910–13 (S.D.Ohio 1999). The liberty interest asserted by Hanes is of less significance than the interest of an individual in not being imprisoned. Moreover, the Idaho appellate courts have refused to extend the holding in *Bearden* to circumstances other than the revocation of probation. *See State v. Cross,* 105 Idaho 494, 670 P.2d 901 (1983); *State v. Lafferty,* 125 Idaho 378, 870 P.2d 1337 (Ct.App.1994). In Idaho, expungement is an "extraordinary remedy." *Schumacher,* 131 Idaho at 486, 959 P.2d at 467. Therefore, Hanes's attempt to analogize his case to *Bearden* is unpersuasive.

## III.

## CONCLUSION

Idaho Code Section 19–2604(1) requires that, to be granted relief, a probationer must show that he or she has complied at all times with the terms of probation. The district court need not find that any noncompliance was willful. Thus, the district court's order

denying Hanes's motion to set aside his guilty plea and dismiss the case is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.