112 P.3d 835

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lee Burk WOODBURY, Defendant–Appellant.**

No. 30212.

Court of Appeals of Idaho.

May 4, 2005.

Sallaz & Gatewood, Chtd., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Approximately five months after the district court accepted the defendant's guilty plea and entered an order withholding judgment, the defendant filed a motion to withdraw the guilty plea. The district court denied the motion, and the defendant appeals. Because we conclude that the motion to with-

draw the plea was untimely, we affirm the order denying the motion.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Lee Burk Woodbury was charged with domestic battery, Idaho Code §§ 18–903, 18–918, and resisting an officer, I.C. § 18–705. Woodbury thereafter pleaded guilty to domestic battery and, in return, the State dismissed the resisting charge. On April 15, 2003, in compliance with a term of the plea agreement, the district court entered an order withholding judgment and placed Woodbury on probation for a period of two years. Woodbury did not appeal from the order withholding judgment.

Approximately two months later, a report of a probation violation was filed by the State, based in part on Woodbury's being charged with a new crime of unlawful possession of a firearm. On September 12, 2003, Woodbury filed a motion to withdraw his guilty plea, arguing that he had not been adequately informed that, as a consequence of his guilty plea, having a firearm in his possession would constitute a new felony. After a hearing, the district court denied the motion, finding that Woodbury's guilty plea was entered knowingly, voluntarily and intelligently and with a full understanding of its consequences. Thereafter, Woodbury admitted that he had violated his probation. The district court then revoked Woodbury's probation and the order withholding judgment, entered a judgment of conviction, and imposed a unified ten-year sentence, with a two-year minimum term, but suspended the sentence and again placed Woodbury on probation.

Woodbury now appeals, challenging only the order denying his motion to withdraw the guilty plea. The State responds that Woodbury's motion was untimely and that the district court therefore lacked jurisdiction to grant the motion.

# II.

## ANALYSIS

We begin with the State's contention that Woodbury's motion for withdrawal of his plea was filed after the trial court had lost jurisdiction to consider such a motion. A trial court's jurisdiction over a criminal case is subject to time limitations and does not continue forever. In the absence of a statute or rule authorizing action, the trial court's jurisdiction to consider an Idaho Criminal Rule 33(c) motion to withdraw a guilty plea expires once the judgment becomes final, either by expiration of the time for appeal or by affirmance of the judgment on appeal. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). *See also State v. Johnson*, 75 Idaho 157, 269 P.2d 769 (1954). Because an appeal must be filed within forty-two days from a judgment of conviction, if no appeal is taken the trial court will have jurisdiction to consider a motion for withdrawal of a guilty plea only if the motion is filed within forty-two days after the judgment. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.

Woodbury argues, however, that this time limit does not apply in his case because the court's April 15 order was not a judgment of conviction but an order withholding judgment and placing Woodbury on probation. Woodbury argues that because under a withheld judgment the court possesses continuing jurisdiction to alter the terms of a defendant's probation, to revoke probation and enter judgment, or ultimately to dismiss the case, the court also retains jurisdiction to allow withdrawal of the guilty plea.

When a court enters an order withholding judgment and placing the defendant on probation pursuant to I.C. § 19–2601(3), no sentence is then imposed and no judgment of conviction is entered. *State v. Murillo*, 135 Idaho 811, 814, 25 P.3d 124, 127 (Ct.App. 2001). During the probation term, the trial court may modify the conditions of probation and, if those conditions are violated, may revoke the defendant's probation, enter a judgment of conviction, and impose sentence. I.C. § 19–2603; *State v. Branson*, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996); *Murillo*, 135 Idaho at 814, 25 P.3d at 127. If the defendant has strictly complied with the terms of probation, however, the court may

set aside the guilty plea and dismiss the case. I.C. § 19–2604(1).[1] The purpose of this statutory authority to withhold judgment and ultimately to dismiss the charge is to provide an opportunity for rehabilitation and to spare the defendant, particularly a first offender, the burden of a criminal record. *Branson*, 128 Idaho at 793, 919 P.2d at 322; *Murillo*, 135 Idaho at 814, 25 P.3d at 127.

A trial court's act of vacating the plea and dismissing the charge pursuant to I.C. § 19–2604(1) is not a determination that the plea was invalid nor an expression of doubt about the defendant's guilt, but an act of lenity that may be granted only if there has been strict compliance with the probation terms. *See State v. Schwartz*, 139 Idaho 360, 79 P.3d 719 (2003); *State v. Hanes*, 139 Idaho 392, 79 P.3d 1070 (Ct.App.2003); *State v. Schumacher*, 131 Idaho 484, 959 P.2d 465 (Ct.App. 1998). Moreover, although a dismissal order following a withheld judgment cleanses the defendant's record to some extent, it does not entirely remove the adjudication of guilt, for the Idaho legislature has specified that for many types of offenses, a withheld judgment will be treated as a prior conviction in the event of subsequent crimes. *See, e.g.,* I.C. §§ 18–918(3)(c) (domestic violence); 18–7905(1)(f) (first degree stalking); 18–8005(4) (driving under the influence); and for other purposes, *e.g.,* I.C. §§ 18–8304(3) (sex offender registration); 18–3302(1)(h), (i) (disqualification for concealed weapons license); § 23–910(1) (disqualification for liquor license).

Given the characteristics of an order withholding judgment, it is understandable that Woodbury would argue that the trial court possesses jurisdiction to allow withdrawal of the plea at any time. Nevertheless, we do not agree with his contention that such jurisdiction continues beyond forty-two days from an unappealed order withholding judgment.

A trial court's continuing authority to modify or revoke probation or to ultimately dismiss the case after withholding judgment does not distinguish a withheld judgment from a judgment of conviction where the defendant receives a suspended sentence and is placed on probation. In the latter circumstance, the court also retains authority to revoke or modify the terms of probation and, under I.C. § 19–2604, may set aside the conviction and dismiss the charge just as it could after withholding judgment. Indeed, in *Jakoski*, the defendant was initially given a suspended sentence and placed on probation before violations resulted in the revocation of probation and execution of his sentence, but the Idaho Supreme Court held that the time for filing a motion to withdraw his guilty plea expired forty-two days after the unappealed judgment of conviction. The Supreme Court did not view the trial court's continuing jurisdiction over probationary matters or its authority under I.C. § 19–2604 as an extension of jurisdiction to consider a motion for withdrawal of the plea.

We note also that an order withholding judgment is a de facto judgment for purposes of appeal, meaning that the defendant may appeal even though the order is not a final judgment in the usual sense. Idaho Appellate Rule 11(c)(2); *State v. Wagenius*, 99 Idaho 273, 276, 581 P.2d 319, 322 (1978); *State v. Wilson*, 127 Idaho 506, 510, 903 P.2d 95, 99 (Ct.App.1995). It follows that any challenge to the proceedings leading to the adjudication of guilt can and must be raised by a timely appeal from the order withholding judgment. *Id.* In this respect, an order withholding judgment is treated like a judgment of conviction where the trial court suspends the sentence and places the defendant on probation. In either situation, a defendant wishing to challenge the determination

---

1. Idaho Code § 19–2604(1) provides:

    If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

of guilt or other events leading up to the entry of judgment must appeal within forty-two days of the judgment, notwithstanding that the trial court continues to possess jurisdiction to alter or revoke probation. *State v. Russell,* 122 Idaho 488, 489 n. 1, 835 P.2d 1299, 1300 n. 1 (1992); *State v. Jensen,* 138 Idaho 941, 943–44, 71 P.3d 1088, 1090–91 (Ct.App.2003).

Accordingly, we conclude that an order withholding judgment is an adjudication of guilt that becomes final forty-two days after entry of the order if no appeal is taken. Woodbury's motion to withdraw his guilty plea was a challenge to the determination of his guilt encompassed within the order withholding judgment. The district court was without jurisdiction to consider Woodbury's motion because the motion was untimely, having been filed nearly five months after entry of the withheld judgment. Therefore, the order denying Woodbury's motion to withdraw his guilty plea is affirmed.

Chief Judge PERRY and Judge GUTIER-REZ concur.

