# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40127

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 547 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 21, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SERGEY KALASHNIKOV, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and withheld judgment and imposing unified fourteen-year sentence, with three and one-half years determinate, for grand theft by possession of stolen property, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Sergey Kalashnikov pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1). The district court entered a withheld judgment and placed Kalashnikov on probation. Subsequently, Kalashnikov admitted to violating terms of his probation. The district court revoked probation and the withheld judgment, entered a judgment of conviction, and sentenced Kalashnikov to a unified term of fourteen years, with three and one-half years determinate. Kalashnikov appealed.

After filing this appeal, and before assignment to this Court, Kalashnikov filed a motion to augment the record with additional transcripts. The State objected, and the Idaho Supreme

Court entered an order denying Kalashnikov's motion. On appeal, Kalashnikov argues that the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record. Kalashnikov also contends that the district court abused its discretion by revoking his probation and that his sentence is excessive.

## A.      Denial of Motion to Augment the Record

Kalashnikov asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Kalashnikov has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Kalashnikov asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. Kalashnikov had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Kalashnikov's attempt to distinguish his case from *Morgan*, based on his appeal challenging the length of sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

**B.      Revocation of Probation and Imposition of Sentence**

When a court enters an order withholding judgment and placing the defendant on probation, no sentence is then imposed and no judgment of conviction is entered.  *State v. Woodbury*, 141 Idaho 547, 548, 112 P.3d 835, 836 (Ct. App. 2005); *State v. Murillo*, 135 Idaho 811, 814, 25 P.3d 124, 127 (Ct. App. 2001).  During the probation term, the district court retains jurisdiction to modify all aspects of the disposition.  *Woodbury*, 141 Idaho at 548, 112 P.3d at 836; *Murillo*, 135 Idaho at 814, 25 P.3d at 127.  If the conditions of the probation are violated, it is within the district court's discretion to revoke the defendant's probation, enter a judgment of conviction, and impose any sentence that originally might have been imposed.  I.C. § 19-2603; *State v. Branson*, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996); *Woodbury*, 141 Idaho at 548, 112 P.3d at 836; *Murillo*, 135 Idaho at 814, 25 P.3d at 127.

Sentencing is also a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  When we review a sentence imposed after revocation of a withheld judgment, circumstances arising after the grant of the withheld judgment are also properly considered by the district court in imposing the sentence.  *Murillo*, 135 Idaho at 811, 25 P.3d at 127.  Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation and the withheld judgment or by imposing sentence.

We conclude we have no authority to address the Idaho Supreme Court's denial of Kalashnikov's motion to augment the record.  We further conclude the district court did not abuse its discretion by revoking probation and the withheld judgment or imposing sentence.  Thus, we affirm the district court's order revoking probation and the withheld judgment and imposing sentence.