**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42897**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 743** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 3, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LARRY A. TAYLOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified ten-year sentence, with three-year determinate term, and consecutive ten-year indeterminate sentence for attempted grand theft by extortion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Larry A. Taylor appeals from his judgment of conviction and sentences after he entered an *Alford*[1] plea to two counts of attempted grand theft by extortion.  He argues that the district court abused its discretion when it imposed consecutive sentences and when it referred to him as a "psychopath" during the sentencing hearing.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Taylor entered an *Alford* plea to two counts of attempted grand theft by extortion for making a series of threatening phone calls to his daughter.  Idaho

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Code §§ 18-2403(2)(e), 18-2407(1)(a), 18-306. At the sentencing hearing, the district court imposed a unified ten-year sentence, with a four-year determinate term, on Count I and a consecutive, indeterminate sentence of ten years on Count II. In establishing the basis for Taylor's sentences, the court stated:

> You don't have the ability to take responsibility for what you've done which leads me to believe that you are, in all likelihood, a psychopath and that you can't be rehabilitated.
> You come into sentencing and you can't take responsibility for what you've done. You have zero empathy for the people you've impacted. Zero. I find you to be a psychopath, and that's why I'm not going to consider even a retained jurisdiction.
> . . . .
> My decision only has to do with your prior record, with the events in question, and with my finding that I do not think you can be rehabilitated, and I don't think that I make that finding very often. . . . I can't find hope for rehabilitation in your overall situation. If I could, I would give you the benefit of a Therapeutic Community. I can't. I don't see that any--anywhere in this record.

Taylor filed an Idaho Criminal Rule 35 motion for reduction of his sentences, which the district court granted, reducing the determinate term for Count I to three years. Taylor timely appeals.

## II.

## ANALYSIS

Taylor alleges that the district court abused its discretion by imposing excessive sentences and by referring to Taylor as a "psychopath." An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653

P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

We begin by addressing whether the judge's remarks during sentencing regarding Taylor being a "psychopath" constitute an abuse of discretion. Taylor argues that the court's designation of Taylor as a "psychopath" not only lacked supporting evidence but constituted an unqualified medical diagnosis. He further contends that the court abused its discretion by basing its sentencing decision on this erroneous conclusion. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that judges may not sentence an offender on the basis of unfounded assumptions that are "extensively and materially false").

The court made the statements at issue in regard to Taylor's inability to take responsibility for his conduct, his lack of empathy for the victims, and the court's belief that Taylor was unable to be rehabilitated. The court called attention to Taylor's testimony that his family made up the allegations against him because they were tired of him calling and asking for repayment of the money they owed him. With Taylor's voice on each of the threatening messages, the district judge opined, "[T]hey didn't hallucinate those messages. You don't have the ability to take responsibility for what you've done which leads me to believe that you are, in all likelihood, a psychopath and that you can't be rehabilitated." The judge went on, stating, "You come into sentencing and you can't take responsibility for what you've done. You have zero empathy for the people you've impacted. Zero. I find you to be a psychopath, and that's why I'm not going to consider even a retained jurisdiction."

Based upon our review of the record, we are not persuaded that the court's statements constituted a medical diagnosis; rather, the statements were reflective of the court's belief that Taylor was unlikely to be rehabilitated. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 654 (E.D. Mich. 2006) (holding that characterization of defendant as "social psychopath" did not constitute a medical diagnosis). In forming this belief, the court properly considered relevant information regarding the nature and characteristics of Taylor. *See Williams v. New York*, 337 U.S. 241, 247 (1949) (holding that punishment should consider the nature of the offender and not merely the crime). The court relied on substantial and competent evidence in the record, specifically highlighting Taylor's extensive criminal record and stating that Taylor "show[ed] an astonishing inability to be accountable for what [he's] done." The judge reasoned that Taylor's "lifetime of criminal conduct" indicated an inability to benefit from rehabilitation.

3

In sentencing Taylor, the district court specifically considered Taylor's extensive criminal history, the serious nature of the offense, Taylor's lack of empathy for his victims, and Taylor's resistance to acknowledging responsibility for his conduct. Taylor has not shown any of the information relied upon by the court was "extensively and materially false." *But see People v. Coleman*, 364 N.E.2d 742, 747 (Ill. App. Ct. 1977) (remanding case for resentencing where judge made statement about defendant that was entirely unsupported by the record). Therefore, the court's designation of Taylor as a "psychopath" did not constitute an abuse of discretion, as it was merely indicative of an opinion held by the court based upon the record before it.

Taylor's contention that the court abused its discretion by imposing consecutive sentences is also without merit. Taylor argues that his consecutive sentences were both excessive and unnecessary to achieve the goals of sentencing. On appeal, this Court looks to the entire record in light of the objectives of sentencing to determine whether a sentence was an abuse of discretion. *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008). Here, the court imposed sentences within the statutory guidelines under I.C. §§ 18-306(2), 18-2408(1). And, although Taylor contends that the court's imposition of consecutive sentences was an abuse of discretion, he provides no support for this argument. *See State v. Lawrence*, 98 Idaho 399, 400-01, 565 P.2d 989, 990-91 (1977) (holding that under I.C. § 18-308, courts have authority to impose consecutive sentences); *State v. Murillo*, 135 Idaho 811, 814, 25 P.3d 124, 127 (Ct. App. 2001) (same). Despite the mitigating justifications Taylor now offers to provide context for his mental state at the time, the court did not impose unreasonable sentences in light of the facts before it. *See Stevens*, 146 Idaho at 149, 191 P.3d at 227 ("To show an abuse of discretion, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts."). Therefore, viewed in light of the seriousness of the offense, the need to protect society, and lack of rehabilitative potential, we cannot say that the district court abused its discretion by imposing sentences.

### III.

### CONCLUSION

Taylor has not shown that the district court abused its discretion during sentencing. Taylor's judgment of conviction and sentences are affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.

4