# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38841

STATE OF IDAHO, )
)
      **Plaintiff-Appellant,** )
)
v. )
)
JOHN DOE (2012-09), )
)
      **Defendant-Respondent.** )
_____ )

**Boise, September 2012 Term**

**2012 Opinion No. 130**

**Filed: November 14, 2012**

**Stephen W. Kenyon, Clerk**

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. William G. Harrigfeld, Magistrate Judge.

Order amending juvenile decree is <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth A. Jorgensen argued.

Alan Trimming, Ada County Public Defender, for respondent. Cameron Cook argued.

_____

J. JONES, Justice.

The State appeals the district court's affirmance of the magistrate court's order converting a formal adjudication of a juvenile charge into an informal adjustment and then dismissing the case. We reverse.

## I.
## FACTUAL AND PROCEDURAL HISTORY

On April 2, 2009, the State filed a petition against John Doe, charging that he was within the purview of Idaho's Juvenile Corrections Act (JCA) for delivery of a schedule III controlled substance, hydrocodone, in violation of I.C. §37-2732(a). On May 7, 2009, the State and Doe's counsel reached an agreement whereby Doe admitted to the charge and, in exchange, the State waived proceedings to bring Doe into adult court.

At the conclusion of Doe's sentencing hearing on June 5, 2009, the magistrate judge stated,

"[w]ell, I am going to formally adjudicate you. I will place you on probation for two years. You can ask for early termination after one year." The magistrate memorialized the ruling in a "decree" that was issued that same day. The decree states, "It is hereby Ordered, Adjudged and Decreed that [Doe] is within the purview of the [JCA] and shall be placed on Formal Probation supervision not to exceed 2 years."

In the first year of Doe's probation, he had two probation review hearings, both of which demonstrated good behavior. On June 9, 2010, at Doe's one-year probation review hearing, Doe's counsel argued that the magistrate should convert his formal probation to an informal adjustment. Doe's counsel could not cite any authority for converting the sentence, but believed that the court had broad authority to do so based on the interests of justice. The State objected and argued that the court did not have authority to convert the formal probation to an informal adjustment. Ultimately, the magistrate court stated that it had the authority to convert the sentence under I.C. § 1-1603 and entered a "supplemental decree nunc pro tunc to date of original order," granting Doe an informal adjustment and dismissing the case. The magistrate then issued an Order Supplementing Decree that provided "Formal Probation converted to Informal Adjustment, nunc pro tunc 05/05/09."

The State filed an appeal to the district court raising one issue: did the magistrate court err by granting Doe an informal adjustment after he had previously been sentenced to formal probation? The district court affirmed the magistrate court's order. The State timely appealed to this Court.

## II.
## ISSUES ON APPEAL

I.  Did the district court err by finding that the magistrate court had authority to convert a final judgment of formal probation into an informal adjustment?
II.  Did the district court err by affirming the magistrate court's dismissal of Doe's case?

## III.
## DISCUSSION

### A.  Standard of Review.

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *Crump v. Bromley*, 148 Idaho 172, 173, 219 P.3d 1188, 1189 (2009) (quoting *In re Doe*, 147 Idaho 243, 248, 207 P.3d 974, 979 (2009)). However, when reviewing a district court's appellate decision, this Court will examine the magistrate court's record to determine if substantial and competent evidence

2

supported the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id*. "If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we [will] affirm the district court's decision as a matter of procedure." *Id*. (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)).

### B. There was no jurisdiction to amend the decree.

In finding that the magistrate had the authority to convert Doe's sentence, the district court relied generally on the rehabilitative goals of the JCA.[1] Additionally, the district court specifically relied on I.C. § 20-511(2)[2] and Rule 11[3] of the Idaho Juvenile Rules (I.J.R.).

The State argues that the district court erred when it concluded the magistrate had the authority to convert Doe's sentence. The State's position is that the magistrate court lacked the requisite jurisdiction to convert Doe's sentence. The State relies on *State v. Jakoski* for the proposition that "[a]bsent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Here, the State asserts that the June 9, 2010 decree was a judgment that was made final by the expiration of the time for appeal.

Doe reiterates the analysis of the district court, arguing that I.C. § 20-511(2) and I.J.R. 11 give the magistrate court authority to convert formal probation into an informal adjustment at any stage of the proceedings. Additionally, Doe argues that the JCA gives the magistrate court ubiquitous discretion in handling juvenile cases.

The district court erred by finding that the magistrate court had the authority to convert Doe's sentence of formal probation into an informal adjustment. The JCA and the language of the Idaho Juvenile Rules indicate that formal sentencing and informal adjustment are mutually exclusive pathways for resolving juvenile petitions. Thus, juvenile defendants are subject to either formal sentencing or informal adjustment.

---

[1] *See* I.C. § 20-501(relied upon by the district court).

[2] Idaho Code § 20-511(2) provides that "[a]fter the petition has been filed and where, at the admission or denial hearing, the juvenile offender admits to the allegations contained in the petition, the court may decide to make an informal adjustment of the petition." I.C. § 20-511(2).

[3] Rule 11 provides that "[i]nformal adjustments may be ordered at any stage of the proceedings after admission by the juvenile or finding by the court that the juvenile has committed an offense, upon notice to parties and the opportunity to be heard." I.J.R. 11.

Formal sentencing begins with a finding that the juvenile is within the purview of the JCA. After jurisdiction is established, the juvenile court must "hold a sentencing hearing in the manner prescribed by the Idaho Juvenile Rules." I.C. § 20-520(1). The sentencing hearing is an informal hearing where the court considers all relevant evidence. I.J.R. 17(b). At the conclusion of the sentencing hearing, "the court shall enter a written decree…[4] imposing one or more of the provisions authorized by I.C. § 20-520." I.J.R. 17(c). Under I.C. § 20-520, juveniles may be formally sentenced in a variety of ways−pertinent to this case is I.C. § 20-520(1)(a). Under I.C. § 20-520(1)(a) the court may "[p]lace the juvenile offender on formal probation." Any order or final judgment made by any court affecting a juvenile offender may be appealed. *See* I.C. § 20-528. "Appeals shall be reviewed as provided by the appellate rules of the Supreme Court of Idaho." I.C. § 20-528. Thus, after a juvenile has been formally sentenced and a decree entered, the Idaho Appellate Rules govern subsequent action, not the JCA or the Idaho Juvenile Rules.

As an alternative to formal sentencing, juvenile defendants may enter into a diversion program, or some other informal disposition of the petition filed against them. *See* I.C. § 20-511. Informal adjustment, specifically, can be sought when, "[a]fter the petition has been filed and where, at the admission or denial hearing, the juvenile offender admits to the allegations contained in the petition, the court may decide to make an informal adjustment[5] of the petition." I.C. § 20-511(2). Rule 11 of the Idaho Juvenile Rules further addresses informal adjustment and provides:

> The court, in exercising its discretion, may order an informal adjustment for any case filed under the [JCA], upon such terms and conditions as the court may deem just and appropriate under the circumstances…. Informal adjustments may be ordered at any stage of the proceedings after admission by the juvenile or finding by the court that the juvenile has committed an offense, upon notice to parties and the opportunity to be heard.

I.J.R. 11. The language of Rule 11 is broad; it could be read to allow the court to order an informal adjustment at any stage of the proceedings after the admission of an offense. However, the ability to order an informal adjustment, under the terms of I.C. § 20-511, is limited to the

---

[4] Idaho's court rules treat a "decree" as equivalent to a "judgment." *See* I.C.R. 54.1(g) and I.R.C.P. 54(a).
[5] Informal adjustment includes, but is not limited to:
      (a) Reprimand of the juvenile offender;
      (b) Informal supervision with the probation department;
      (c) Community service work;
      (d) Restitution to the victim;
      (e) Participation in a community-based diversion program.
I.C. § 20-511(2)(a)–(e).

stages of the juvenile proceeding prior to the completion of the formal sentencing process. This is because both the JCA and the I.J.R. indicate that the magistrate court's informal adjustment authority terminates upon formal sentencing.

Idaho Code § 20-511 addresses informal adjustment and does not grant the trial court endless discretion to determine when informal adjustment may be ordered, as Rule 11 could be interpreted to do.[6] Rather, I.C. § 20-511 limits informal adjustment authority to a very specific period−after the petition has been filed, the court may decide to make an informal adjustment at the admission or denial hearing, where the juvenile offender admits to the allegations. I.C. § 20-511. Idaho Juvenile Rule 6(j) supports and carries into effect the terms of I.C. § 20-511. Rule 6(j) provides:

> In the event the court accepts the admission by the juvenile to the allegations of the petition, it may proceed to informal adjustment pursuant to I.J.R. 11 or schedule the sentencing hearing, and request the preparation of the report on the juvenile by the appropriate entity required pursuant to I.C. § 20-520(1).

I.J.R. 6(j). By employing the disjunctive conjunction "or," Rule 6(j), like I.C. § 20-511, indicates that formal sentencing and informal adjustment are two separate paths and that, once the court enters a formal sentence by way of decree, informal adjustment is no longer available.

Additional evidence of the dichotomy between formal sentencing and informal adjustment can be gleaned from the JCA's expungement provisions. Under I.C. § 20-525A(3), expungement may be granted to a juvenile whose case was resolved by an informal adjustment after the expiration of one year from the date of termination of the continuing jurisdiction of the court, or after reaching age eighteen, whichever occurs later. For juveniles formally adjudicated and sentenced under the JCA for having committed a felony offense, expungement is only possible after the expiration of five years from the date of termination of the court's continuing jurisdiction, or after reaching age eighteen, whichever occurs later. I.C. § 20-525A(1). Both expungement provisions relate back to the time of the magistrate court's determination, not some subsequent event. Furthermore, the one-year waiting period for juveniles granted informal adjustment, versus the five-year period for juveniles formally sentenced for felonies, indicates

---

[6] Where any inconsistencies between a statute and a court rule exist, the statute should prevail, especially in this case, considering that the express scope and purpose of the Idaho Juvenile Rules is to govern procedure, not substantive legal issues. *See* I.J.R. 1.

that the Legislature intended formal sentencing and informal adjustment to be separate pathways to dispose of juvenile petitions.

In this case, the State and Doe's counsel reached a settlement whereby Doe admitted to the charge against him. The terms of the settlement between the State and Doe provided that "the previously scheduled evidentiary hearing be vacated and that the case be set for a sentencing hearing." The sentencing hearing was accordingly set and during that hearing, based upon Doe's admission to the charge, the magistrate judge stated, "I am going to formally adjudicate you. I will place you on probation for two years." In addition to his ruling from the bench, the magistrate judge entered a formal written decree in accordance with I.J.R. 17(c), specifying that Doe "shall be placed on formal probation supervision." At this point the magistrate entered what amounted to a judgment in Doe's case calling for formal probation.

Idaho Code § 20-528 provides that juvenile judgments are appealable under this Court's appellate rules, which require all appeals to be made within forty-two days from the date of the entry of judgment. I.R.C.P. 83(e). In Doe's case the decree was entered on June 5, 2009 and the possibility of informal adjustment was not raised until January 13, 2010, long past the forty-two day appeal deadline, making the judgment final. "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho at 355, 79 P.3d at 714. No statute or rule exists that can be read to grant the magistrate court jurisdiction to revisit and amend a final decree for the purpose of converting a formal sentence of probation to an informal adjustment. Thus, the magistrate court lacked jurisdiction to amend the decree by converting Doe's sentence and it was error for the district court to affirm the magistrate court's decision.

C.     **The district court erred by affirming the magistrate court's dismissal of Doe's case.**

At Doe's one-year probation review hearing, the magistrate stated, "I'm going to dismiss this case today and take [Doe] off of probation." The district court, on appeal, never specifically addressed the magistrate's ability to flat-out dismiss the case against Doe. However, in a footnote, the district court stated:

> The magistrate's "dismissal" also was not intended to contravene the dictates of the expungement statute, since the magistrate specifically noting [sic] during the hearing that the defendant would still need to request an expungement…. It appears

6

that the magistrate's actions here might more appropriately be considered as a termination of the proceedings and support for this view is found in the magistrate's June 9, 2010 notations that this was an "order terminating informal probation and dismissing informal adjustment" and an order of "early termination of informal probation and dismissal of informal adjustment."

The State argues that the district court was mistaken in its conclusion that the magistrate's order was more like a "termination of the proceedings," because the magistrate's order expressly provides that the Doe's petition is to be dismissed. The State further contends that after a final order has been issued, the expungement procedures of I.C. § 20-525A are the only means of complete dismissal of a juvenile charge and the terms of expungement were not met in this case. Doe argues that the State's position simply is "without merit" and would lead to absurd results, if accepted.

The record in this case indicates that the magistrate judge intended to dismiss Doe's case, not simply terminate the proceedings. First, at the June 9, 2010 probation review hearing, the magistrate judge stated, "I am going to dismiss this case." Second, the magistrate issued an Order Terminating Informal Probation and Dismissing Informal Adjustment, in which complete dismissal was ordered. Thus, the district court's characterization of the dismissal as a "termination of the proceedings" is unfounded.

However, in this case, whether the magistrate dismissed the case against Doe or merely terminated the proceedings is irrelevant. It is irrelevant because the dismissal, or in the alternative, the termination of proceedings, was predicated on the magistrate's jurisdiction to convert Doe's sentence into an informal adjustment. Because it was improper for the magistrate to convert Doe's sentence, any subsequent dismissal or termination of the improperly substituted informal adjustment cannot be upheld.

### IV.
### CONCLUSION

The order of the district court affirming the magistrate's decision is reversed and this case is remanded for reinstatement of the June 5, 2009 decree.


Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.

7