**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40028**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 456 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JACOB ALLEN PINNEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ronald J. Wilper, District Judge.

Appeal from order revoking probation and reinstating previously suspended unified six-year sentence with one-year determinate term for burglary, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jacob Allen Pinney pled guilty to burglary.  I.C. § 18-1401.  On March 17, 2005, the district court imposed a unified six-year sentence with a one-year determinate term, but retained jurisdiction.  The district court suspended Pinney's sentence and placed him on probation pursuant to an order which was filed on September 16, 2005.  However, the district court dated the order September 12, 2005, nunc pro tunc in an effort to circumvent its loss of jurisdiction over Pinney's case on September 13, 2005.  A court cannot enter a nunc pro tunc order to extend jurisdiction.  *State v. Doe,* 153 Idaho 588, 592, 288 P.3d 805, 809 (2012).

Pinney admitted to violating the terms of the probation in 2006, and the district court revoked probation, ordered execution of the underlying sentence, but retained jurisdiction.  In

1

2007, the district court again suspended Pinney's sentence and placed him on probation. Pinney violated the conditions of his probation again and the district court revoked probation and ordered execution of the suspended sentence. Pinney filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Pinney appeals. Pinney acknowledges that the district court lost jurisdiction on September 12, 2005, but continues to assert that the district court abused its discretion when it revoked his probation and should have sua sponte reduced his sentence upon revocation of his probation.

We consider first the state's argument that Pinney cannot obtain relief because the district court had no jurisdiction to place Pinney on probation on in September 2005. The state is correct. Furthermore, Pinney, in his appellant's brief, also acknowledges that the district court lost jurisdiction on in September 2005.

The district court's jurisdiction ceased to exist on September 12, 2005, and Pinney automatically came under the control of the Department of Correction. *See State v. Petersen*, 149 Idaho 808, 31, 121 P.3d 961, 962 (Ct. App. 2010). Because the district court lost jurisdiction on September 12, 2005, all subsequent proceedings in Pinney's case would have been a legal nullity. *See Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010). Any attempt to place a defendant on probation after the expiration of the statutorily authorized review period is void. *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).

The district court did not have jurisdiction to place Pinney on probation. Therefore, his appeal is dismissed.