**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40718**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2014 Opinion No. 17** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: February 28, 2014** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| GREGORY SCOTT McAMIS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Adams County. Hon. Bradly S. Ford, District Judge.

Order denying motion to withdraw guilty plea, _affirmed_.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Gregory Scott McAmis appeals from the district court's denial of his motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged McAmis with grand theft by deception. Pursuant to a plea agreement, McAmis pled guilty. This Court affirmed his sentence and the denial of his Idaho Criminal Rule 35 motion to reduce his sentence in *State v. McAmis*, Docket No. 35945 (Ct. App. Sept. 29, 2009) (unpublished). McAmis subsequently filed a successful post-conviction claim based on the State's failure to follow the terms of the plea agreement. The district court ordered specific performance of the plea agreement at a new sentencing proceeding.[1] At the subsequent

_____

[1] McAmis appealed the post-conviction order seeking a withdrawal of his guilty plea as opposed to being resentenced. We affirmed the district court's order in *McAmis v. State*, __ Idaho __, 317 P.3d 49 (Ct. App. 2013).

1

resentencing hearing, McAmis moved to withdraw his guilty plea. He argued that the State failed to provide certain documents and that he would not have pled guilty if he had known of the documents or had known that the State had the documents in its possession. The district court denied his motion and sentenced him. McAmis timely appeals.

## II.

## ANALYSIS

The State contends the district court lacked subject matter jurisdiction to consider McAmis's request to withdraw his guilty plea. Whether a court lacks jurisdiction is a question of law that may be raised at any time and over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). "In the absence of a statute or rule authorizing action, the trial court's jurisdiction to consider an Idaho Criminal Rule 33(c) motion to withdraw a guilty plea expires once the judgment becomes final, either by expiration of the time for appeal or by affirmance of the judgment on appeal." *State v. Woodbury*, 141 Idaho 547, 548, 112 P.3d 835, 836 (Ct. App. 2005) (citing *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003)). "Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea." *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. McAmis's judgment became final after his direct appeal in 2009. He argues that his judgment and commitment was vacated by the post-conviction order and that his criminal case was therefore, no longer final. Idaho Code § 19-4907 authorizes action in a criminal case when a defendant successfully obtains post-conviction relief. McAmis successfully obtained post-conviction relief, but solely as to sentencing. The post-conviction court specifically found that McAmis's guilty plea was valid and there was no basis to set aside his conviction. Instead, the court determined that the sole remedy from the post-conviction action was to provide specific performance of the prosecuting attorney's plea bargained sentencing recommendations at a resentencing. However, the court's subsequent jurisdiction in the criminal case is narrowly constrained to the ordered relief. The district court, presiding over the criminal case, then had the finite power to effectuate that remedy.[2]

---

[2] If this were not so, a defendant could attack the criminal case carte blanche any time the defendant successfully obtained relief in a post-conviction case no matter how limited the remedy ordered.

2

Because McAmis's judgment of conviction was final and the post-conviction court's order granted relief solely as to sentencing, the criminal court was without jurisdiction to consider the motion to withdraw the guilty plea.

## III.

## CONCLUSION

The district court was without jurisdiction to consider the motion to withdraw the guilty plea because the motion was outside the scope of the remedy ordered in the post-conviction order. Therefore, the denial of McAmis's motion to withdraw his guilty plea is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**