**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 45476**

| | |
|---|---|
| In the Interest of: JANE DOE (2017-35), ) | |
| A Juvenile Under Eighteen (18) Years of Age. ) | |
| -------------------------------------------------------- ) | |
| ) | |
| STATE OF IDAHO, ) | |
| ) | **Boise, February 2019 Term** |
| Petitioner-Respondent, ) | |
| ) | **Opinion Filed: April 2, 2019** |
| v. ) | |
| ) | **Karel A. Lehrman, Clerk** |
| JANE DOE (2017-35), ) | |
| ) | |
| Respondent-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge.

The decision of the district court is <u>affirmed.</u>

Anne Taylor, Kootenai County Public Defender, Coeur d'Alene, for appellant. Kristen A. Pearson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jeffery D. Nye argued.

_____

BRODY, Justice.

## I.     NATURE OF THE CASE

This case addresses whether a juvenile court has jurisdiction to reduce a juvenile's sentence once the juvenile is committed to state custody and the time for appeal has run. Relying on Idaho Criminal Rule 47, the rule which governs the filing of motions generally in criminal cases, Jane Doe filed a motion to modify disposition requesting that the juvenile court place her back on probation after sentence had been imposed and modify its previous computation of credit for time served. The juvenile court held that Doe's motion was actually a motion to reduce sentence under Idaho Criminal Rule 35 (a rule which has not been incorporated into the Idaho Juvenile Rules) and concluded that it did not have jurisdiction to consider Doe's motion.

1

Doe appealed the juvenile court's decision to the district court. The district court affirmed the decision, holding that Rule 47 did not grant jurisdiction to reduce the sentence, but that jurisdiction existed under Idaho Code sections 20-505 and 20-507. The district court held that whether the sentence should be modified is a discretionary call and that the juvenile court did not abuse its discretion in declining to place Doe back on probation or incorrectly calculate Doe's credit for time served. We agree with the district court's decision to affirm the magistrate court's denial of Doe's motion to modify disposition, but write today to explain that there is no jurisdiction for the juvenile court to modify the juvenile's sentence once it has been imposed and the time for appeal has run.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe voluntarily admitted to two counts of grand theft in juvenile court and an order for informal adjustment through diversion was entered. A little over a year later, the juvenile court found that Doe violated the terms of her informal adjustment and sentenced her to three hundred sixty days of detention with three hundred twenty nine days suspended. Doe was given one day credit for time previously served and ordered to serve thirty days to be scheduled at a later date. The informal adjustment was not revoked, but Doe was ordered to two years of probation and required to complete family support court.

About ten months later, the State filed a motion to revoke Doe's probation because she had been running away, skipping school, and not taking her medications as prescribed. Doe was detained on a warrant for about twenty days, when she received a conditional release. Doe admitted to two probation violations and disposition was scheduled for a later date.

About six weeks later, the State filed a motion to revoke Doe's conditional release because she had been leaving school without permission and violating school attendance policies. Doe's conditional release was revoked and she was detained again. On the day she was released from detention, Doe appeared for disposition on the probation violations and was allowed to keep her informal adjustment. Shortly thereafter, Doe was ordered to serve two days in detention for violating the terms of her GPS monitoring device and having contact with people who were not on her approved contact list.

The State filed a second motion to revoke Doe's probation because Doe had been lying to her mother, having contact with a 25-year-old man who was not on her approved list of contacts, and continued absences from school. The court terminated Doe's probation. Three hundred sixty

2

days of detention were imposed; Doe was given credit for one hundred twenty nine days served previously; and Doe was ordered to serve the remaining two hundred thirty one days immediately. Doe was granted a furlough to seek out-of-state medical treatment, but the juvenile court made it clear that no credit for time served would be granted while she was receiving treatment.

Approximately three years after the juvenile court entered the original informal adjustment through diversion, Doe filed a motion to modify disposition requesting leniency and to correct her sentence regarding credit for time served. Specifically, Doe requested that the juvenile court give her two days of credit for every day she spent in detention and place her back on probation. The juvenile court found that it did not have jurisdiction to consider Doe's motion. Despite Doe's claims that she had filed her motion with the court under Idaho Juvenile Rule 21 and Idaho Criminal Rule 47, the juvenile court found that Doe's motion was actually brought under Idaho Criminal Rule 35, which is not applicable to juveniles sentenced under the Juvenile Corrections Act. The court went on to state that even if jurisdiction existed it would have denied Doe's motion on the merits.

Doe appealed the juvenile court's decision to the district court. The district court agreed that jurisdiction did not exist under Idaho Juvenile Rule 21 and Idaho Criminal Rule 47, but found that jurisdiction existed under Idaho Code sections 20-505 and 20-507; as such, the juvenile court could have modified Doe's sentence. Nonetheless, the district court affirmed the juvenile court on the merits holding that the court did not abuse its discretion when it refused to place Doe back on probation and there was no basis in the Juvenile Corrections Act which supported Doe's argument that her credit for time served should have been doubled in this case, where she actually served one hundred twenty nine days in detention. Doe timely appealed to this Court. Doe finished serving her sentence while this appeal was pending.

### III. ISSUES ON APPEAL

1. Whether Doe's appeal is moot because she finished serving her sentence and has been released from custody.

2. Whether the district court erred in holding that the juvenile court did not have jurisdiction to modify Doe's sentence under Idaho Juvenile Rule 21 and Idaho Criminal Rule 47.

3. Whether Doe was entitled to additional credit for time served.

3

## IV. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the juvenile court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). Thus, this Court does not review the decision of the magistrate court. *Id.* "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n. 1, 224 P.3d 480, 482 n. 1 (2009)). *Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013).

## V. ANALYSIS

A. **Doe's appeal falls within an exception to the mootness doctrine because it concerns issues that are of substantial public interest.**

As a threshold matter, the State argues that Doe's appeal should be dismissed as moot because Doe finished serving her sentence and was released from custody while this appeal was pending; as such, a favorable decision from this Court cannot provide her any relief. Doe concedes that her appeal is moot; however, she maintains that two exceptions apply to her appeal: (1) a juvenile serving more time than legally permitted is capable of repetition and likely to evade judicial review; and (2) the issue regarding whether a court can correct an illegal juvenile sentence, grant leniency, or grant credit for time served on each charge pre-judgment is of substantial public interest. We agree with the latter, and find there to be a substantial public interest in whether a juvenile court has the ability to modify a juvenile sentence after it has been imposed.

"An issue is moot if it 'does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief' or if 'a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome.'" *State v. Abdullah*, 158 Idaho 386, 462, 348 P.3d 1, 77 (2015) (quoting *Arambarri v. Armstrong*, 152 Idaho 734, 739, 274 P.3d 1249, 1254 (2012)). Generally, "[a]fter the satisfaction of a judgment in a criminal case there is nothing on which a judgment of the appellate court can act

4

effectively because there is nothing from which to appeal, and further proceedings are moot." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (quoting *State v. Snyder*, 88 Idaho 479, 482, 401 P.2d 548, 550 (1965)). This Court has recognized, however, three exceptions that can save an issue from the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).

The State maintains that the issues Doe raised on appeal are of little interest to the general public as appellate courts have used that phrase in the past. However, we find that Doe's appeal presents an area of unsettled law that warrants consideration by this Court. *See Ellibee v. Ellibee*, 121 Idaho 501, 503, 826 P.2d 462, 464 (1992) (Court found that "the controversy at the heart of appellant's case remain[ed] alive" because the Domestic Violence Act had recently been enacted and not yet construed by an appellate court); *see also Nelson v. Marshall*, 94 Idaho 726, 729, 497 P.2d 47, 50 (1972) (Court found case was not moot because the dispute over the legality of the challenged practices remained to be settled). Because we find the issues on appeal to be of substantial public interest we will address the merits of Doe's appeal despite the fact that a favorable decision cannot provide her any relief.

**B.      The district court properly held that the juvenile court did not have jurisdiction to modify Doe's disposition under Idaho Criminal Rule 47, but erred when it held that jurisdiction was automatically extended under Idaho Code sections 20-505 and 20-507.**

Doe argues that the district court erred in holding that the juvenile court did not have a basis to modify her disposition under Idaho Criminal Rule 47. The State responds that the only procedural rule that could permit a court to grant requests for leniency after a sentence has become final is Idaho Criminal Rule 35, but that Rule 35 does not apply to juvenile proceedings that arise under the Juvenile Corrections Act.

This Court exercises free review over jurisdictional issues. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003) (citing *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995)). Under the Juvenile Corrections Act, the juvenile courts have "exclusive, original jurisdiction" over a juvenile who engages in an act that is a violation of any federal, state, local or municipal law or ordinance which would be a crime if

5

committed by an adult. I.C. § 20-505. The juvenile court retains that jurisdiction until the juvenile becomes twenty-one years of age, unless terminated prior thereto. I.C. § 20-507.

> Idaho Code [section] 20-528 provides that juvenile judgments are appealable under this Court's appellate rules, which require all appeals to be made within forty-two days from the date of the entry of judgment. I.R.C.P. 83(e). . . . "Absent a statute or rule extending its jurisdiction, the juvenile court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho [352, 355, 79 P.3d 711, 714 (2003)].

*State v. Doe*, 153 Idaho 588, 592, 288 P.3d 805, 809 (2012).

In this case, the juvenile court entered an order revoking Doe's probation on December 20, 2016. The order required Doe to serve two hundred thirty one days immediately and gave her credit for one hundred twenty nine days for time previously served. Doe had forty-two days from December 20, 2016, to appeal the order before the juvenile court's jurisdiction terminated. *Doe*, 153 Idaho at 592, 288 P.3d at 809 ("Idaho Code [section] 20-528 provides that juvenile judgments are appealable under this Court's appellate rules, which require all appeals to be made within forty-two days from the date of the entry of judgment."). Doe did not appeal the juvenile court's order; instead, on April 12, 2017, Doe filed a motion to modify disposition. Once the time to appeal a final judgment expires, the court does not have jurisdiction unless there is a statute or rule to extend jurisdiction. *See id.*

Doe argues that the juvenile court's jurisdiction was extended under Idaho Juvenile Rule 21, looking to Idaho Criminal Rule 47. Rule 21 provides a list of Idaho Criminal Rules that apply to actions filed under the Juvenile Corrections Act, whereas Rule 47 sets the requirement that a party applying to the court for an order must do so by motion. Rule 47 provides in its entirety:

> (a) In General. A party applying to the court for an order must do so by motion.

> (b) Form and Content of a Motion. A motion, except when made during a trial or hearing, must be in writing, unless the court permits the party to make the motion by other means. A motion must state the grounds on which it is based and the relief or order sought. A motion may be supported by affidavit.

> (c) Separate Document. Any written order entered must be on a document separate from the motion.

I.C.R. 47.

Doe maintains that Idaho Criminal Rule 47 is broad in its application to juveniles and permits the court to reconsider post-disposition matters such as leniency, correction of a

6

judgment for credit for time served, and correction of an illegal sentence. Doe argues that under the plain application of the Idaho Criminal Rules to the Juvenile Rules, a juvenile can bring *any* motion before the court under Idaho Criminal Rule 47, whereas the State contends that the proper avenue that would allow a juvenile court to modify Doe's sentence is Idaho Criminal Rule 35, which is not listed in Idaho Juvenile Rule 21 and therefore does not apply under the Juvenile Corrections Act.

Rule 35 is the only rule that specifically allows for the trial court to correct an illegal sentence, reduce a sentence, or correct a court's computation of credit for time served. *See* I.C.R. 35 (stating that, "[w]ithin 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction, . . . the court may correct or reduce the sentence" and that "[a] motion to correct a court's computation of credit for time served . . . may be made at any time"). Doe makes the argument that the absence of Idaho Criminal Rule 35 from the exhaustive list of Idaho Criminal Rules that apply under the Juvenile Corrections Act somehow grants a juvenile falling under the purview of the Act more leniency; however, we disagree. Because Idaho Criminal Rule 47 does not grant any jurisdiction, and Idaho Criminal Rule 35, which would extend jurisdiction, is not applicable in juvenile proceedings, neither the Idaho Criminal Rules nor the Idaho Juvenile Rules provided the juvenile court jurisdiction to modify Doe's sentence after she failed to timely appeal the order imposing the detention.

Notwithstanding the foregoing, the district court found that the juvenile court did have jurisdiction to modify Doe's sentence. Namely, that the juvenile court had jurisdiction to act under Idaho Code section 20-505 and that jurisdiction was retained pursuant to Idaho Code section 20-507. We hold that the district court erred in finding that jurisdiction was automatically extended after the juvenile court entered an order imposing Doe's detention. While the district court correctly determined that Idaho Code section 20-505 and 20-507 originally granted the juvenile court jurisdiction, it failed to consider that the juvenile court's jurisdiction terminated forty-two days after its December 20, 2016, order was imposed. *Doe*, 153 Idaho at 592, 288 P.3d at 809 ("Idaho Code [section] 20-528 provides that juvenile judgments are appealable under this Court's appellate rules, which require all appeals to be made within forty-two days from the date of the entry of judgment."). Once the time to appeal a final judgment or order expires, the court does not have jurisdiction unless there is a statute or rule to extend jurisdiction. *Id*. We hold that

7

there was no statute or rule that extended jurisdiction after Doe failed to timely appeal the juvenile court's order.

Doe additionally claims the disparate treatment of juveniles and adults results in facial discrimination that violates the Equal Protection Clause of the Idaho and United States constitutions. However, the basic tenet underlying equal protection is that it is only "similarly situated people" that are entitled to "receive the same benefits and burdens under the law." *State v. Hansen*, 125 Idaho 927, 933, 877 P.2d 898, 904 (1994) (recognizing that "[t]he disparity in sentences between one defendant and another defendant convicted of the same crime does not, in itself, establish an equal protection violation"); *see also State v. Rawlings*, 159 Idaho 498, 501, 363 P.3d 339, 342 (2015) (finding no violation of the Equal Protection Clause because "[t]he persons in these two classifications are not in like circumstances"); *State v. Rome*, 160 Idaho 40, 43, 368 P.3d 660, 663 (Ct. App. 2016) ("The principle underlying the Equal Protection Clause of both constitutions is that all persons in like circumstances should receive the same benefits and burdens of the law.").

Doe's equal protection argument ignores the stark contrast between the juvenile system compared to its adult counterpart. Doe concedes as much with her contention that Idaho Criminal Rule 35 does not apply to juvenile cases. Indeed, Idaho Criminal Rule 35 does not treat juveniles differently as a whole. The rule does not reach juveniles who fall within the purview of the Juvenile Corrections Act while it does apply to juveniles sentenced in adult court. As a juvenile sentenced under the Juvenile Corrections Act, the maximum punishment Doe faced was one hundred eighty days in a juvenile detention facility for each count. I.C. § 20-520(d). On the other hand, an adult or juvenile who pleaded guilty to two counts of grand theft in adult court would face a minimum of one year in the state prison and a maximum of fourteen years for each count. I.C. § 18-2408(2)(a). Consequently, juveniles falling under the purview of the Juvenile Corrections Act are not in a similar position as juveniles sentenced in adult proceedings. "Equal protection embraces the principle that all persons *in like circumstances* should receive the same benefits and burdens of the law." *Rawlings*, 159 Idaho at 501, 363 P.3d at 342 (emphasis added).

We hold that the juvenile court properly concluded that there was no mechanism under the juvenile rules that would give it jurisdiction to consider Doe's motion to modify because it was actually a motion under Idaho Criminal Rule 35, which is not enumerated as an applicable rule under Idaho Juvenile Rule 21. In reaching this conclusion we recognize that the juvenile

8

rules are silent as to whether a juvenile court can modify a juvenile's sentence once it is imposed; thus, we have referred this matter to the Idaho Juvenile Justice Advisory Committee to consider whether Rule 35 should be included in Idaho Juvenile Rule 21. However, in the present case, we hold that jurisdiction did not exist to consider Doe's motion.

**C.    The district court properly held that Doe was not entitled to additional credit for time served.**

Although we have held that there is no jurisdiction to modify a juvenile's sentence after the forty-two day window to appeal a decision has passed, we will still address the issue Doe raised concerning the calculation of a juvenile's credit for time served. At the time the juvenile court entered its order terminating probation Doe had spent one hundred twenty nine days in detention, and Doe was given one hundred twenty nine days credit for time served. Doe now argues that she should have been given credit for time served for each grand theft charge.

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Taylor*, 160 Idaho 381, 384–85, 373 P.3d 699, 702–03 (2016) (quoting *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005)).

Doe relies on Idaho Code section 18-309 for her proposition that she is entitled to double credit for time served. Section 18-309 addresses credit for time served in adult court proceedings and requires a defendant be given credit for time served on each "offense" he or she is held on. This Court has interpreted section 18-309 to mean that when an individual is held in prejudgment custody on multiple counts which he is ultimately sentenced on, the defendant receives credit for the prejudgment time spent in custody for each count's sentence. *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015). Further, Doe argues that when section 18-309 is read in conjunction with Idaho Code section 19-2603, juveniles are entitled to credit for time served on the offense at issue when there was an arrest on a probation violation.

However, the statutes Doe relies on pertain to adults and juveniles sentenced in adult proceedings; thus, they are not applicable to someone sentenced under the Juvenile Corrections Act. The Idaho Juvenile Rules dictate that the scope and duration of jurisdiction over a juvenile under the Juvenile Corrections Act is set forth in Chapter 5 of Title 20, Idaho Code. I.J.R. 2. Once a court has determined that a juvenile falls within the purview of the Juvenile Corrections Act, and the juvenile admits to the allegations in the petition, the juvenile court is required to

9

hold a sentencing hearing. I.J.R. 17(a). Thereafter, the court may impose one or more of the provisions authorized by Idaho Code section 20-520. I.J.R. 17(c). Section 20-520 permits juveniles to be formally sentenced in a variety of ways, including but not limited to, formal probation, detention, or suspension of driving privileges. The goal of sentencing under the Act is to "promote accountability, competency development and community protection." I.C. § 20-520(1). If the juvenile court wants a juvenile to be held in custody, the only option is to commit the juvenile to a period of detention:

> (b)  Sentence the juvenile offender to detention pursuant to this act for a period not to exceed thirty (30) days for each act, omission or status which is prohibited by the federal, state, local or municipal law or ordinance by reason of minority only . . . .
>
> (c)  Commit the juvenile offender to a period of detention, pursuant to this act, for a period of time not to exceed ninety (90) days for each unlawful or criminal act the juvenile offender is found to have committed, if the unlawful or criminal act would be a misdemeanor if committed by an adult, or where the juvenile offender has been adjudicated as an habitual status offender . . . .
>
> (d) If the juvenile offender has committed an unlawful or criminal act which would be a felony if committed by an adult, the court may commit the juvenile offender to detention for a period not to exceed one hundred eighty (180) days for each unlawful or criminal act;

I.C. § 20-520(b)–(d).

Here, the juvenile court sentenced Doe to serve three hundred and sixty days in detention. At the time her probation was revoked the court recognized that Doe had already served one hundred twenty nine days in detention and gave her credit for each day spent in detention. There is no basis under the Juvenile Corrections Act which supports Doe's argument that her credit for time served should have been doubled. The statutes Doe relies on regarding credit for time served are applicable to adult criminal cases.

Doe claims that if the rules and statutes governing her juvenile proceeding under the Juvenile Corrections Act do not allow her to receive credit for time served in exactly the same way as juveniles and adults sentenced in adult court, they violate her right to equal protection under the United States and Idaho Constitutions. For the same reasons identified in Section B, juveniles under the Juvenile Corrections Act are not similarly situated to juveniles and adults sentenced in adult court. *Rawlings*, 159 Idaho at 501, 363 P.3d at 342. Thus, Doe's equal

protection argument fails. We hold that the district court properly affirmed the juvenile court's denial of Doe's motion to alter her credit for time served.

## VI. CONCLUSION

The district court's decision is affirmed.


Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.