**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47315**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 25, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BENJAMIN JARED JEPHSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order denying motion to compel, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Benjamin Jared Jephson appeals from the district court's order denying his motion to compel based on the court's conclusion that it lacked jurisdiction to consider the motion. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In this criminal case, a jury found Jephson guilty of numerous drug-related felonies including, among other crimes, conspiracy to traffic in heroin and trafficking in heroin. Among other sentences, the district court sentenced Jephson to a unified term of eighteen years with ten years determinate for conspiracy to traffic in heroin. Jephson directly appealed the indeterminate portion of this sentence, and this Court affirmed his judgment of conviction and sentence in an

1

unpublished opinion issued on March 12, 2019. *State v. Jephson*, Docket No. 45893 (Ct. App. Mar. 12, 2019).

On June 21, 2019, Jephson filed a pro se motion to compel his former defense counsel in this case to surrender his "work product" compiled during his representation of Jephson. Jephson sought these materials for purposes of filing a civil petition for post-conviction relief under the Idaho Uniform Post-Conviction Procedure Act, Idaho Code §§ 19-4901-4911. Jephson's defense counsel responded that Jephson's "court documents" had been and still remained available online through an account on the defense counsel's case management software and that Jephson had an active login for that account. The district court denied Jephson's motion, concluding it lacked jurisdiction and citing *State v. Woodbury*, 141 Idaho 547, 112 P.3d 835 (Ct. App. 2005), in support. Jephson timely appeals this denial.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. McAmis*, 156 Idaho 55, 56, 320 P.3d 446, 447 (Ct. App. 2014).

## III.

## ANALYSIS

Mindful of this Court's decision in *Woodbury*, Jephson appeals the district court's denial of his motion to compel. In *Woodbury*, this Court held:

> A trial court's jurisdiction over a criminal case is subject to time limitations and does not continue forever. In the absence of a statute or rule authorizing action, the trial court's jurisdiction to consider [matters] expires once the judgment becomes final, either by expiration of the time for appeal or by affirmance of the judgment on appeal.

*Woodbury*, 141 Idaho at 548, 112 P.3d at 836 (concluding court lacked jurisdiction to consider motion to withdraw plea); *see also McAmis*, 156 Idaho at 56, 320 P.3d at 447 (same). Although this rule's application most often arises in the context of an untimely motion to withdraw a plea, it applies in other contexts in which no statute or rule authorizes a trial court to act after a judgment is final. *See, e.g.*, *State v. Doe*, 153 Idaho 588, 592, 288 P.3d 805, 809 (2012) (concluding court lacked jurisdiction to amend final decree in juvenile case to convert formal sentence of probation into informal adjustment).

Applying this rule, the district court correctly concluded it lacked jurisdiction to address Jephson's motion to compel. The court's jurisdiction ceased once this Court affirmed Jephson's

2

judgment and issued a remittitur in his direct appeal on March 29, 2019. *See, e.g.*, *Peregrina v. State*, 158 Idaho 948, 951, 354 P.3d 510, 513 (Ct. App. 2015) (noting appeal is final when appellate court issues remittitur). Jephson, however, did not file his motion to compel until several weeks later on June 21. Because Jephson's appeal was final and because no statute or rule authorized the district court to consider Jephson's motion to compel, the court lacked jurisdiction to consider the motion.

Despite acknowledging the district court's jurisdictional limitations on appeal, Jephson argues that "to force defendant to proceed in a post-conviction context without access to his client case file would offend reason and common sense, as any delay by defense counsel in producing the papers and documents may, in fact, compromise the statutory and jurisdictional time constraints for filing an application under the state's Uniform Post-Conviction Procedure Act." Jephson, however, also acknowledges the Uniform Post-Conviction Procedure Act does not require him to obtain the records from his criminal case as a prerequisite to filing a petition for post-conviction relief. *See, e.g.*, *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003) ("Nothing in the Uniform Post-Conviction Procedure Act requires the petitioner to obtain the records from his underlying criminal case as a prerequisite to filing a petition."). Indeed, the Act places the burden on the State to provide the requisite records in a post-conviction case if the petitioner fails or is unable to do so. *See* I.C. § 19-4906(a) ("If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application."). Accordingly, we disagree with Jephson's assertion that the district court's well-established jurisdictional limitations "offend reason and common sense" or otherwise compromise his ability to file a petition for post-conviction relief. To the extent Jephson had difficulties obtaining his criminal records or his defense counsel's work product for purposes of pursuing a post-conviction action, Jephson's remedies were in that action, not in this underlying criminal case.

## IV.

## CONCLUSION

Because the district court lacked jurisdiction to consider Jephson's motion to compel his defense counsel to produce his criminal records, we affirm the court's order denying that motion.

Judge GRATTON and Judge LORELLO **CONCUR**.

3